UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEBRAM LAWRENCE ROSTON,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID B. LONG, Warden,<br><br>    Respondent._____ / | No. C 15-0729 MEJ (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 2, 3 |

Petitioner, a state prisoner incarcerated at California City Correctional Facility, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Lake County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, petitioner was convicted by a jury of robbery in 2013.[1] He was sentenced to six years in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which denied review in 2014. Petitioner did not seek habeas relief in the state courts. The instant action was filed on February 17, 2015.

---

[1] The Court of Appeal's opinion affirming the conviction indicates that petitioner was actually convicted and sentenced in 2012. See People v. Roston, No. A136743, 2014 WL 4088196, at *1 (Cal. Ct. App. Aug. 20, 2014).

**DISCUSSION**

**A.      Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for federal habeas relief, petitioner claims that: (1) he received ineffective assistance of counsel in that his attorney failed to move to suppress his statement to the police obtained after a warrantless search; and (2) the trial court erred in refusing to allow him to introduce evidence of the complaining witness's prior accusations of being victimized.[2] Liberally construed, these claims are cognizable for federal habeas review. The court orders respondent to show cause why the petition should not be granted as to the above issues.

**C.      Motion for Appointment of Counsel**

Petitioner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel at this time. The motion for

---

[2] Petitioner states he attached his petition for review to the California Supreme Court. The referenced attachment, however, was not included with the petition filed with this court.

appointment of counsel is DENIED. This denial is without prejudice to the court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1), as well as a magistrate judge jurisdiction consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file, within **ninety-one (91)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104

3

F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    6. Petitioner's motion to proceed in forma pauperis (Docket No. 2) is GRANTED. His request for appointment of counsel (Docket No. 3) is DENIED.

    This order terminates Docket Nos. 2 and 3.

IT IS SO ORDERED.

DATED: May 1, 2015

Maria-Elena James
United States Magistrate Judge

4